IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ROBERT A. MARTIN,

        Plaintiff,

v.                                CIVIL ACTION NO. 5:07-cv-00123

SALLIE MAE, INC., and
UNITED STATES ARMY,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Rule 60 Motion for Relief from Judgment Order [Docket 24]. In response to Plaintiff's motion, Defendants Sallie Mae, Inc. (Sallie Mae) and the United States Army filed responses to which Plaintiff replied. For the reasons stated below, Plaintiff's motion is denied.

*I. BACKGROUND*

The full factual background and procedural history of this action is set forth in the Court's December 7, 2007, Memorandum Opinion. (Docket 22.) In short, Plaintiff's claims arose out of a dispute over the repayment of a student loan obligation. During the time Plaintiff attended the West Virginia University College of Law, he accepted two student loans from Sallie Mae for a total amount of $9,350.00. Thereafter, Plaintiff enlisted and served in the Army from 1983 to 1987. As a part of his compensation package, the Army agreed to pay Plaintiff's student loan obligation. However, because the Army was unable to locate Plaintiff to verify his loan in 1987, it was not paid until 1999. Because of this delay, Plaintiff incurred a substantial amount of interest and late penalties.

On February 27, 2007, Plaintiff filed his Complaint baldly alleging that Defendants violated state and federal law and requesting various forms of relief, including injunctive relief, an order relieving him from any further payment to Sallie Mae, and damages -- both compensatory and punitive.

On December 7, 2007, the Court entered a memorandum opinion and judgment order dismissing any potential claim Plaintiff may have had against Defendants based on the factual allegations contained in his complaint. (Docket 22 and Docket 23.) Plaintiff did not appeal the Court's judgment order. Instead, several months later, he filed this Rule 60 motion. In the motion, he now acknowledges his obligation to Sallie Mae but contends that the amount he owes is incorrect. (*See* Docket 24 at 3.) Specifically, Plaintiff details the efforts of the Illinois Student Assistant Commission (ISAC), who was not a party to this action, to garnish his wages in an effort to pay off his existing debt.[*]

In his motion, Plaintiff requests that this Court enter an order: (1) staying the execution of the order of withholding from Plaintiff's earnings; (2) requiring an accounting from Sallie Mae as to the proper calculation of interest, accrued interest, and late penalties; (3) determining the amount of loan obligation and proper payment schedule; (4) redacting this matter off of Plaintiff's credit report; (5) requiring Sallie Mae to supplement the ISAC computer; and (6) requiring Sallie Mae's counsel to negotiate the payment schedule. Plaintiff cites no law in support of his demands.

Plaintiff maintains that Rule 60 can provide him with relief because he will suffer irrevocable harm unless this Court immediately intervenes. He further contends that Rule 60 is applicable in

---

[*] According to Sallie Mae's response, Plaintiff's loan was transferred from Sallie Mae to the ISAC as the loan's guarantor in January 2008, due to non-payment as required by the Higher Education Act and applicable regulations. (Docket 25 at 3.)

2

part because "the granting of the Motion to Dismiss was based primarily on jurisdictional basis and did not fully address the specific allegations addressed against neither Sallie Mae nor ISAC." (Docket 27 at 2.)

## II.  APPLICABLE LAW

Fed. R. Civ. P. 60(b) states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff argues that this case falls into the last category of Rule 60(b).  "The 'other reason that justifies relief' offered by a movant under Rule 60(b)(6) must amount to 'extraordinary circumstances' in order for the court to grant relief."  12 James Wm. Moore et al., *Moore's Federal Practice* § 60.48 (3d ed. 2008); *see also Klapprott v. United States*, 335 U.S. 601, 604-09 (1949); *Ackermann v. United States*, 340 U.S. 193, 195-97 (1950).  "Extraordinary circumstances" usually exist so as to justify relief when "the movant is completely without fault for his or her predicament; that is, the movant was almost unable to have taken any steps that would have resulted in preventing the judgment from which relief is sought."  Moore et al.*, supra*, § 60.48.

Importantly, "[f]ailure to take advantage of an opportunity to litigate an issue precludes use of that issue to secure Rule 60(b) relief."  *Id*.  However, once one of the reasons set forth in Rule 60(b) has been established, the relief provided by the Rule is purely procedural and is designed to

3

give the parties an opportunity to re-litigate those issues that were the subject of the judgment. *See id*. § 60.20.

### III. DISCUSSION

The circumstances in this case do not rise to the level of the "extraordinary circumstances" as contemplated by the Supreme Court in *Klapprott* and *Ackermann*. Based on the grounds provided in Plaintiff's motion, there is no basis to vacate the Court's judgment order and re-open this case.

Simply put, Rule 60 cannot provide an avenue for relief for Plaintiff. Rule 60 is used to vacate a judgment order in order to relieve a party from the effects of that order, thereby giving the parties an opportunity to re-litigate the issues contained therein. Vacating the judgment order in this case would do nothing to assist Plaintiff in this matter. In other words, permitting Plaintiff to re-litigate the issues that were the bases of the dismissal would not afford him with the remedy he requests. This is evident by Plaintiff's statement: "Plaintiff is not asking for release from his obligation to pay the debt consistent with the Judgment Order . . . ." (Docket 27 at 3.) The purpose of Rule 60 is to do just that.

Moreover, the ISAC was not a party to this action. Despite that fact, Plaintiff would have this Court oversee its collection efforts. Such relief is beyond the scope of Rule 60.

On the other hand, it is obvious that there appears to be an issue over the accounting of the payment obligation Plaintiff owes and to whom it is owed. Based on that dispute, despite Plaintiff's assertion that "Plaintiff has no other recourse against Sallie Mae or [the] ISAC in the event that this Court denies this Motion[,]" Plaintiff appears to have other legal remedies available to him. (Docket 27 at 3.) However, a Rule 60 motion is not one of them. The Court has dismissed his claims against Defendants and therefore there is nothing left for the Court to do in this case. In his Complaint,

4

Plaintiff alleged that he had no further payment obligations to Defendants. Now, he acknowledges the payment obligations, but would like the Court to instruct him who to pay and how much to pay. Such relief is also beyond the scope of his Complaint.

Should Plaintiff wish to initiate an action to determine the obligation he must pay, then he must file another action in the appropriate court. His Complaint in this case contained no factual allegations that would have enabled the Court to construe it in the manner he now suggests. In fact, until this filing, he made no mention of the parties not having a record of the $9,350.00 the Army paid to Sallie Mae. It was his position that he was not required to pay anything further and that Defendants owed him damages.

The Court cannot simply compute the proper amount Plaintiff is obligated to pay the ISAC, who is not a party to this action, and cannot exercise jurisdiction over the collection effort based on "equity and fairness." (Docket 27 at 4.) Federal courts are courts of limited jurisdiction and can only exercise jurisdiction over cases and controversies where Congress has given them the power to do so. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court is not familiar with an act of Congress that would allow it to exercise jurisdiction over a dispute solely on the grounds of equity and fairness.

Finally, with respect to Plaintiff's assertion that the Court did not address the specific allegations against Sallie Mae, Plaintiff's position is simply wrong. (*See* Docket 27 at 2.) Pages twelve through twenty-four of the Court's memorandum opinion detail every conceivable claim that the Court could glean based on the factual allegations in his Complaint and the reasons why those claims fail. In the Complaint, Plaintiff made no mention of an unjust enrichment claim against Sallie

5

Mae and therefore he may not use Rule 60 to litigate an issue he failed to litigate previously. Moore et al., *supra*, § 60.48.

### IV. CONCLUSION

For these reasons, Plaintiff's motion [Docket 24] is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: July 15, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE